# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2012

Lyle W. Cayce
Clerk

No. 11-50797
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUIS FERREL IBARRA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-851-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Ferrel Ibarra (Ferrel) appeals the 46-month sentence of imprisonment imposed following his guilty-plea conviction for illegal reentry after removal. Ferrel argues that his sentence, which was at the low end of the calculated guidelines range, was unreasonable because it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). In particular, he argues that the guidelines range failed to account for his strong family ties to the United States, the fact that his age makes him less likely to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recidivate, and the likelihood that he will not reenter now that he is aware of the severe punishment for illegal reentry.  Ferrel also argues that his within guidelines sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, which applies to illegal reentry convictions, is not empirically supported.

The substantive reasonableness of a sentence is reviewed for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because Ferrel's sentence was within the advisory guidelines range, his sentence is presumptively reasonable.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).  Ferrel challenges the presumption of reasonableness applied to his sentence, but he acknowledges the issue is foreclosed and raises it to preserve the issue for further review.  *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008).

The district court listened to Ferrel's arguments in mitigation at the sentencing hearing and concluded that a sentence outside of the guidelines range was not warranted.  In particular, the district court expressed concern over Ferrel's criminal history and the fact that he had returned not long after his last removal, which had not resulted in a criminal prosecution.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339.  Ferrel has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence.  *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.